### 374

State
vs.          No. 10078
Charles Fierstein

#### DECISION
June 21, 1919

BROWN, J. The indictment charges that Edward S. Allen and Charles Fierstein unlawfully and fraudulently did, on the 4th day of February, 1919, combine, confederate and conspire together by divers unlawful and fraudulent devices to obtain from the Lonsdale Company cotton goods of the value of $3270.10 of the property of the Lonsdale Company. Allen pleaded nolo contenders to the charge on the 15th day of April and for want of bail was committed to jail. He was still in confinement on the charge at the time of trial of Fierstein but had not been sentenced. Fierstein pleaded not guilty and was put on trial May 19th.

The jury returned a verdict of guilty.

A new trial is now sought by Fierstein on the ground that the verdict is against the evidence.

It does not appear that any new evidence has been discovered. That ground alleged in the motion is not pressed.

Allen had been a trusted employee of the Lonsdale Company for many years, as book-keeper. At the time covered by the charge in the indictment he had charge of shipments. Fierstein was

aware of Allen's relations to the Lonsdale Company; that he enjoyed the confidence of his employer. He knew by reason of this relation he had an opportunity to obtain the goods.

Allen testified fully and minutely to all details of the conspiracy charged. Though subjected to a searching and skillful cross-examination, his story was not shaken.

This testimony if believed by the jury was sufficient to convict Fierstein.

### 375

The rule of law is that a jury may convict on the evidence of an accomplice alone if they believe it; but it is usual for the courts to say to the jury that they should not do it, and that they should have corroboration before they would convict. This however is merely advisory.

3 Rice on Ev., Sec. 321, 322.

There were some circumstances that tended to corroborate the testimony of Allen. Mrs. Allen testified that Fierstein called at her house repeatedly and privately conversed with Mr. Allen. She did not hear this conversation. All checks in payment of the goods were made payable to the order of Allen and sent to him, and none to the Lonsdale Company, though the goods so obtained between September 16, 1918 and February 4, 1919 amounted to about $24,000. Allen had no capital to carry on business. He had a family of several children and was obliged to buy their clothing on the installment plan. He bought clothing in this way of Fierstein. Fierstein knew that goods could not be obtained legitimately from the Lonsdale Company except through their duly constituted agent and that Allen was not such agent. Percy M. Patterson testified that Fierstein told him that through his acquaintance with somebody connected with the Lonsdale Company he was able to buy these goods "direct from the mill", and that it was necessary for him to pay this acquaintance a half cent or one cent a yard or whatever he could pay for getting the

goods directed to Mr. Fierstein. During the time he was engaged in the business, he avoided calling at the office of the Lonsdale Company.

Fierstein explained his conduct on the belief, as he said, that Allen was obtaining the goods honestly and selling them to him.

The Jury believed otherwise.

The verdict is well sustained by the evidence.

A new trial is denied.

For state: Antonio A. Capotosto and Charles P. Sisson.

For defendant: Cooney & Cooney and P. C. Joslin.